**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIROUND MARTIN | |
| Appellant | No. 181 EDA 2015 |

Appeal from the PCRA Order December 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011134-2009

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2016**

Siround Martin appeals from the order entered December 8, 2014, in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  Martin seeks relief from the judgment of sentence of an aggregate term of three and one-half to nine years' imprisonment imposed following the revocation of his probation on charges of retail theft and simple assault.[1]  Concomitant with this appeal, counsel has filed a petition to withdraw and an **Anders**[2] brief.  The sole issue on appeal challenges prior

---

[1] **See** 18 Pa.C.S. §§ 3929(a)(1), and 2701(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).  As will be discussed **infra**, counsel should have filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), rather than an **Anders** brief.

counsel's failure to file a direct appeal from Martin's probation revocation sentence. For the reasons below, we affim.

The pertinent facts and procedural history are as follows. On April 8, 2010, Martin entered a negotiated guilty plea to retail theft and simple assault in connection with his theft of items from an Auto Zone store in July of 2009. In exchange for the plea, the Commonwealth recommended an aggregated, mitigated range sentence of 11 and one-half to 23 months' imprisonment, followed by four years' probation.[3] The trial court accepted Martin's plea and imposed the recommended sentence.

In September of 2011, after Martin was paroled and serving probation on the present case, he entered a guilty plea in Delaware County to charges of theft and receiving stolen property. Consequently, his probation and parole at issue were revoked following a revocation hearing on February 3, 2012. On April 25, 2012, the trial court imposed an aggregate sentence of three and one-half to nine years' imprisonment.[4] No direct appeal was filed.

_____

[3] Specifically, Martin was sentenced to 11 and one-half to 23 months' incarceration, followed by two years' probation for retail theft, and a consecutive two years' probation for simple assault.

[4] The revocation sentence consisted of a term of two and one-half to seven years' incarceration for retail theft and a consecutive term of one to two years' incarceration for simple assault.

On August 9, 2012, Martin filed a *pro se* PCRA petition asserting the trial court did not give him proper credit for time served. Counsel was appointed, and filed an amended petition on November 29, 2013, contending revocation counsel was ineffective for failing to file post-sentence motions and a direct appeal as requested by Martin. An evidentiary hearing was conducted on November 21, 2014, at which both Martin and revocation counsel testified. Thereafter, on December 8, 2014, the PCRA court entered an order dismissing Martin's petition. This timely appeal followed.[5]

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** 'no-merit letter' is the appropriate filing." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). Pursuant to **Turner**/**Finley** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement

---

[5] The PCRA court did not direct Martin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

advising petitioner of the right to proceed *pro se* or by new counsel.

\* \* \*

[W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the procedural aspects of **Turner**/**Finley**. Although he improperly filed an **Anders** brief, as opposed to a "no merit" letter, this Court may accept such a filing "'[b]ecause an **Anders** brief provides greater protection to a defendant.'"[6] **Reed**, **supra**, 107 A.3d at 139 n.5 (quotation omitted). Furthermore, counsel provided Martin with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel. **See** Motion to Withdraw, 8/18/2015, Exhibit A. Martin has not responded to counsel's petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

When reviewing an order dismissing a PCRA petition, we must determine whether the PCRA court's findings of fact are supported by the record, and whether its legal conclusions are free from error.

---

[6] Nevertheless, despite the misnomer, the **Anders** brief filed by counsel reads more like a "no merit" letter. **See Anders** Brief at 10-11.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

The sole issue identified in the *Anders* brief asserts revocation counsel's ineffectiveness for failing to file a direct appeal from the probation violation sentence. "[T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Spotz*, *supra*, 84 A.3d at 311. The Supreme Court has held "[w]here a defendant clearly asks for an appeal and counsel fails to file one, a presumption of prejudice arises regardless of the merits of the underlying issues." *Commonwealth v. Donaghy*, 33 A.3d 12, 15 (Pa. Super. 2011) (citation omitted), *appeal denied*, 40 A.3d 120 (Pa. 2012).

At the PCRA hearing, Martin testified that, after he was sentenced for his probation violation, and while he was still in the courtroom, he asked counsel to file an appeal. *See* N.T., 11/21/2014, at 5. He claimed, however, she remained silent: "She never indicated that she would. She never indicated that she didn't do it for me. She was going to do it." *Id.*

Martin also stated he subsequently wrote "over 100 letters" to the public defender's office, each time requesting an appeal. *Id.* at 9.

Conversely, revocation counsel testified that while she did not independently recall Martin's sentencing hearing, she reviewed his file, and it did not contain any notation Martin wished to appeal the sentence. *Id.* at 12-13. Further, she explained the letters in his file were sent after the requisite 30-day timeframe for filing an appeal, and concerned credit for time served. *Id.* at 13-14, 18. Additionally, counsel testified her practice would have been to mark directly on the file if the defendant had requested an appeal, but Martin's file contained no such notation.[7] *Id.* at 15.

The PCRA court determined counsel's testimony was more credible than Martin's testimony, based upon the following:

> (1) the demeanor and manner of how [counsel] and [Martin] testified during the PCRA evidentiary hearing, (2) the contents of a post-sentence letter from [Martin] to the PCRA court, which discussed only time credit rather than any alleged failure to appeal, (3) the sentencing hearing, during which [Martin] was properly advised of his appellate rights, and (4) [counsel's] standard practice for processing requests by a defendant to file an appeal.

---

[7] Revocation counsel stated she would never "just not respond" if a defendant asked her to file an appeal. N.T., 11/21/2014, at 15. Moreover, she explained that an appeal would have been handled by the Public Defenders' probation and parole department, so that "it wouldn't have been any trouble for [her] to go ahead and mark the file appropriately and simply turn it in." *Id.* at 16.

PCRA Court Opinion, 3/31/2015, at 1. Because we find the court's credibility determination is supported by the record, Martin's claim necessarily fails. ***Spotz***, ***supra***, 18 A.3d at 259.

As mandated by law, we have independently reviewed the record and agree with counsel that the current appeal has no merit.[8]  ***See Doty***, ***supra***, 48 A.3d at 457.  Therefore, we affirm the order dismissing Martin's petition for PCRA relief, and grant counsel's petition to withdraw.

Order affirmed. Application for leave to withdraw as counsel granted.

_____

[8] We note our review reveals no basis to conclude revocation counsel had any reason to suspect Martin wanted to appeal his sentence, so as to invoke her duty to consult further with him under ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. Super. 2001) (holding counsel has constitutional duty to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.").  Although the sentence imposed was significant, the revocation court provided ample reasons for its sentence at the revocation sentencing hearing.  ***See*** N.T. 4/24/2012, at 6-7 (noting (1) Martin had "31 arrests, 19 convictions, [and] eight violations resulting in six revocations[,]" (2) the court granted him early parole on the underlying case, and (3) the facts of the underlying case would have supported a robbery).  ***See also Commonwealth v. McDermitt***, 66 A.3d 810, 815 (Pa. Super. 2013) (finding PCRA court was not required to conduct evidentiary hearing to examine the nature of counsel's consultation regarding appeal with defendant;  because defendant entered no contest plea, he could only challenge the "jurisdiction of the trial court, the validity of the plea, and the legality of the sentence" and there was "nothing of record that would indicate to counsel that appellant might want to appeal because appellant was the recipient of a generous plea bargain.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2016